The plaintiff produced a warrant issued by a justice of the peace for the county of Surry, at the instance of the defendant to the use of the plaintiff, against Hill, who had acknowledged service thereof, and on the same day a trial was had, upon which a set-off was established by Hill's oath, and a judgment given for a small balance. The plaintiff sought to recover in this action the amount of the set-off.
The defendant offered to prove that in fact no set-off existed in favor of Hill; but his Honor, Judge Martin, rejected the testimony, and held the defendant to be bound by the judgment, unless he could impeach it for fraud in the plaintiff in relation to it. The counsel for the defendant admitted that he had no such evidence to offer, and a verdict was taken for the amount of the set-off, and judgment rendered accordingly, from which the defendant appealed.
The question which arose on the trial of this cause I do not think was the abstract one, whether in this contest with Jones, Yeargain was bound by the estoppel arising upon the judgment in his suit with Hill. We are, therefore, relieved from expressing an opinion upon the effect of the declaration on the face of the warrant that Yeargain sued for the use of Jones. Possibly that might have connected Jones with the transaction, as to have bound him by the estoppel, and upon that ground only can Yeargain be bound in this contest with him; for estoppels must operate mutually or not at all. Upon the exchange of the horse for the note, Yeargain became bound (unless there was an express agreement to the contrary, and there appears to have been none) that the sum called for in the note was due, and Jones was authorized by the nature of the transaction, if necessary, to sue for it in the name of Yeargain. It necessarily followed that a reduction of the sum called for in the note, by way of set-off or otherwise, would be a violation of the guarantee made by Yeargain, that the whole was due. *Page 279 
These were the obligations which the nature of the transaction imposed upon Yeargain, and obligations of a corresponding nature were imposed on Jones, growing out of the relationship which he assumed to Yeargain; that as his agent in using his (Yeargain's) name, he would act fairly on those points in which he was interested. It is therefore necessary that we should ascertain that in this warrant, so far as regards the set-off, in which Yeargain was certainly interested, Jones acted as a faithful agent, at least to see if it does not appear that he acted otherwise. A short time after the exchange a warrant is taken out in the name of Yeargain, to the use of Jones against Hill. The service is acknowledged by Hill; they went to trial on the same day, and the justice found a set-off to the (423) amount of $60. The note calls for about $11 more, including interest, for which a judgment was rendered, and Hill paid up that sum, at least he obtained a receipt upon the judgment for it. It does not appear that Yeargain was at all apprised of the defendant's claim to a set-off, or that any attempt was made to continue the cause until he might enable his agent Jones to resist it. In fact, it is quite apparent that Jones went to trial with his own consent, nay, required a trial; for it is well known that only in cases where there is a friendly understanding between parties, and where the plaintiff takes an acknowledged service, instead of an arrest by an officer and a holding to bail, the justice would, without the consent of both parties, proceed to trial on the same day, and especially when one was acting as agent for a principal residing at the distance of one hundred and twenty miles at least, and the defendant offered evidence so vitally affecting the interest of that principal. The thing carries upon its face a faithless agency, an agent entirely regardless of his principal's rights. But when to this is added, that, by having the set-off established, Jones exchanged an insolvent for a solvent debtor — Hill for Yeargain — it is full proof of the character of the transaction. I say an insolvent for a solvent debtor, for it appears that Hill's solvency was not much relied on; for Yeargain told Jones, when the exchange was made, to push Hill, and probably his mother-in-law would pay, if Hill could not; a thing, by the way, not much in favor of Yeargain, to extort from the mother-in-law the debts of her insolvent son-in-law. I think, therefore, the judge had abundant evidence that the finding of the justice was not conclusive between these parties; that the judgment was impeached for fraud if that was necessary, and that Yeargain *Page 280 
ought to be let into proof that in point of fact there was no set-off, which he was entitled to show before the justice, (424) but of which his agent Jones deprived him.